Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5331 | **DATE** | 8/11/2003 |
| **CASE TITLE** | Arcenio Rodriguez-Martinez vs. John D. Ashcroft, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Motion by Petitioner for Reconsideration of the Court's Order of 11/21/02   [10-1]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    For the reasons set forth in the attached Memorandum Opinion and Order, petitioner's motion for reconsideration is granted [10-1]. The Court finds that petitioner's habeas action is not moot. Due to petitioner's failure to exhaust his administrative remedies, however, this Court lacks jurisdiction over the subject matter of the habeas petition. Accordingly, petitioner's habeas petition is DISMISSED. This action is closed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | AUG 13 2003 | |
| X | Docketing to mail notices. | date docketed | 17 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| klb (lc) | courtroom deputy's initials | U.S. DISTRICT COURT CLERK  03 AUG 12 PM 3:58  Date/time received in central Clerk's Office  FILE IN/DOCKETING | date mailed notice  mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARCENIO RODRIGUEZ-MARTINEZ, )<br><br>Petitioner, )<br><br>v. )<br><br>JOHN ASHCROFT, as ATTORNEY )<br>GENERAL of the UNITED STATES, )<br>BRIAN R. PERRYMAN, as the District )<br>Director of the Chicago District office of the )<br>IMMIGRATION & NATURALIZATION )<br>SERVICE, )<br><br>Respondents. ) | No. 02 C 5331<br><br>HONORABLE DAVID H. COAR |

## MEMORANDUM OPINION AND ORDER

Petitioner, Arecenio Rodriguez-Martinez, filed the habeas petition in this case on July 26, 2002. On November 21, 2002, this Court dismissed petitioner's habeas petition as moot because petitioner was deported to Columbia. Before this Court is petitioner's motion for reconsideration.

I.    Factual and Procedural Background

Petitioner is an adult native and citizen of Columbia and was admitted to this Country on April 24, 1971 a Miami, Florida as an immigrant. On August 11, 1999, a 911 call was made by eleven year-old Franki Levinson to the Niles police to report inappropriate touching by the petitioner. The eleven year-old victim told arriving officers that petitioner, her stepfather, touched her on the buttocks. Franki was in bed at the time and petitioner was nude. She then saw petitioner in the "push-up position" over her nine year-old sister, Katie, who was asleep.

The petitioner began making a pumping motion over Katie and began rubbing his groin area on the nine year-old girl's body. When petitioner noticed that Franki was awake and watching him, he left the room. The police interviewed nine year-old Katie, who told them about past sexual attacks by the petitioner. She reported incidents in which the petitioner touched her vaginal area both with her underwear on and sometimes with it off. The petitioner told police that he "definitely had a problem" but otherwise refused to answer their questions. After interviewing the victims and reviewing the evidence, an Assistant Cook County State's Attorney approved felony charges based on the two incidents of August 10, 1999 as well as the reported previous incidents. A grand jury subsequently indicted the petitioner for multiple acts of aggravated criminal sexual abuse. Count One alleged that on August 10, 1999, the petitioner "committed an act of sexual conduct upon F.L. to wit: Arcenio Rodriguez fondled F.L.'s buttocks with his hand, for the purpose of sexual gratification or arousal of Arcenio Rodriguez, and F.L. was under 18 years of age when the act was committed, and Arcenio Rodriguez was a family member, to wit: F.L.'s stepfather in violation of 720, Act 5 Section 12-16(B), of the Illinois Compiled Statutes." On May 26, 2000, that count was reduced to a misdemeanor, and the petitioner plead guilty to Sexual Exploitation of a Child, under 720 ILCS 5/11-9.1(A)(1). Petitioner was sentenced to twenty-four months of misdemeanor probation. A two-year order of protection was issued naming both children as protected persons. The remaining charges were nolle prossed.

The Immigration and Naturalization Service ("INS") detained petitioner without bond on its allegation in the Notice to Appear, ("NTA"), I-862 , that Petitioner was convicted of an aggravated felony as defined in INA § 101(a)(43)(A). The INS used that basis to include petitioner in the class of non-citizens subject to mandatory detention. On April 18, 2002, the

-2-

Immigration Judge ("IJ") denied petitioner's request for custody redetermination. The IJ agreed with the INS that petitioner had been convicted of an aggravated felony. On May 3, 2002, petitioner filed a motion to terminate the removal proceedings arguing that the statute under which he was convicted was divisible. Petitioner argued that his crime was "masturbation merely with the knowledge that a minor is watching." On May 30, 2002, the INS filed a brief in support of the NTA and in response to petitioner's motion to terminate the removal proceedings. In their brief, the INS argued that petitioner's Sexual Exploitation of a Child Conviction was an aggravated felony. On June 6, 20002, the IJ ordered that petitioner be deported to Columbia. Petitioner waived his right to appeal the IJ's decision.

On July 26, 2002, petitioner filed his habeas petition alleging that he was wrongfully categorized as a non-citizen subject to mandatory detention. He claimed that Sexual Exploitation of a Child is not an aggravated felony and that he should been able to post bond until a final removal decision was made. Petitioner never obtained a stay of his removal. On November 18, 2002, petitioner was deported pursuant to a final order of removal entered by the IJ and executed by the INS. On November 21, 2002, this Court dismissed petitioner's habeas petition as moot.

II.    Jurisdiction

The district court has subject matter jurisdiction to entertain petitions for a writ of habeas corpus filed by aliens subject to a final order of removal under 28 U.S.C. § 2241(c), which authorizes the district court to review an alien's removal order. See 28 U.S.C. § 2241(c);

Zadvydas v. Davis, 533 U.S. 678, 688, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001); INS v. St. Cyr, 533 U.S. 289, 121 S.Ct. 2271, 2287, 150 L.Ed.2d 347 (2001).[1]

## III.  Discussion

Under The Immigration and Nationality Act (INA) "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). Section 101(a)(43)(A) of the INA defines the term "aggravated felony" as "murder, rape, or sexual abuse of a minor."  Under the INA's admissibility provisions, petitioner's removal and status as an aggravated felon prevents him from being admitted to the United States for twenty years absent consent to apply for readmission from the Attorney General. See 8 U.S.C. § 1182(a)(9)(A)(ii)-(iii).  Petitioner seeks reconsideration of this Court's determination that the habeas petition is moot.  Petitioner maintains that this action is not moot because if this Court were to grant relief, then he would be able to return to the United States. Petitoner's inability to return for twenty years flows from the IJ's decision to classify him as an aggravated felon.  See Moore v. Ashcroft, 251 F.3d 919, 922 (11th Cir. 2001) ("we conclude that Petitioner's removal from the United States does not render her case moot").  The Court finds that the petition is not moot.

Petitioner argues that the proceeding before the IJ denied him the due process of law the Constitution guarantees.  Petitioner fails to explain how the process was deficient, other than his

---

[1]The district court retains subject matter jurisdiction over habeas petitions despite the amendments to the INA rendered by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No 104-132, 110 Stat. 1214 (enacted and effective April 24, 1996), and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208,110 Stat. 3009-546 (enacted on September 30, 1996 and effective on April 1, 1997).

blanket statement that the IJ determined that he was an aggravated felon in a perfunctory manner. Instead, petitioner attacks the IJ's determination that he is an aggravated felon subject to removal. Petitioner, however, waived his right to appeal the IJ's decision. Having waived his right to appeal the IJ"s decision, petitioner can not now come to this Court seeking a review of that decision. "A court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d); see also Hmaidan v. Ashcroft, 258 F. Supp.2d 832, 839 (N.D. Ill. 2003) (explaining that exhaustion of administrative remedies is required of aliens in INS custody). The purpose of the exhaustion requirement is to allow the consideration of habeas relief on a more developed factual record without burdening the habeas court with the task of presiding over the development of that record. Hmaidan, 258 F. Supp.2d at 839-40.

In this case, petitioner waived his right to appeal the IJ's decision. Despite his waiver, petitioner appealed the order of removal to the Board of Immigration Appeals ("BIA"). The BIA dismissed his appeal for lack of jurisdiction. The only conceivable rationale for the petitioner's invocation of this Court's jurisdiction is that the waiver of his right to appeal the IJ's decision did not include wavier of appeal of the manner by which the decision was reached. Petitioner offers no authority in support of that proposition. This Court considers an alien's waiver of the right to appeal to the BIA as a failure to exhaust administrative remedies for jurisdictional purposes. See Mejia-Ruiz v. INS, 51 F.3d 358, 364 (2d Cir.1995); see also 8 C.F.R. §§ 3.3 ("A notice of appeal may not be filed by any party who has waived appeal"); 3.38 (same); 3.39 (IJ decision final upon waiver of appeal) (2002). If this Court were to exercise jurisdiction over petitioner's habeas case, it would be creating a rule that allows parties to waive their right to

appeal and bring a habeas action in federal court, thereby circumventing the administrative process. The effect of such a rule would be to undermine agency functions and clog the courts with unnecessary petitions. The rules are clear: before proceeding to federal court, an alien must exhaust his or her administrative remedies. Petitioner did not exhaust his administrative remedies. Accordingly, this Court lacks jurisdiction to hear petitioner's habeas petition.

## Conclusion

For the foregoing reasons, petitioner's motion for reconsideration is granted. The Court finds that petitioner's habeas action is not moot. Due to petitioner's failure to exhaust his administrative remedies, however, this Court lacks jurisdiction over the subject matter of the habeas petition. Accordingly, petitioner's habeas petition is DISMISSED.

Enter:

David H. Coar
United States District Judge

Dated: August 11, 2003